UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| YVAUGHAN PIERCE, | ) |
| Plaintiff | ) ) ) |
| vs. | ) )  Case No. 5:19-cv-01544-HNJ |
| SOCIAL SECURITY ADMINISTRATION, COMMISSIONER, | ) ) ) ) |
| Defendant. | ) |

# MEMORANDUM OPINION

Plaintiff Yvaughan Pierce ("Pierce") seeks judicial review pursuant to 42 U.S.C. § 405(g) of an adverse, final decision of the Commissioner of the Social Security Administration ("Commissioner"), regarding her claim for a period of disability and disability insurance benefits. The undersigned carefully considered the record, and for the reasons expressed herein, the court **REVERSES** the Commissioner's decision and **REMANDS** for further consideration of the Department of Veterans Affairs' disability rating.[1]

## LAW AND STANDARD OF REVIEW

To qualify for benefits, the claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder. The Regulations define

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including the entry of final judgment.

"disabled" as the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish an entitlement to disability benefits, a claimant must provide evidence of a "physical or mental impairment" which "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

In determining whether a claimant suffers a disability, the Commissioner, through an Administrative Law Judge (ALJ), works through a five-step sequential evaluation process. *See* 20 C.F.R. § 404.1520(a)(4). The burden rests upon the claimant at the first four steps of this five-step process; the Commissioner sustains the burden at step five, if the evaluation proceeds that far. *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018).

In the first step, the claimant cannot be currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b). Second, the claimant must prove the impairment is "severe" in that it "significantly limits [the] physical or mental ability to do basic work activities . . . ." *Id.* at § 404.1520(c).

At step three, the evaluator must conclude the claimant is disabled if the impairments meet or medically equal one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.02. *Id.* at § 404.1520(d). If a claimant's impairment

meets the applicable criteria at this step, that claimant's impairment would prevent any person from performing substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1525. That is, a claimant who satisfies steps one and two qualifies automatically for disability benefits if the claimant suffers a listed impairment. *See Williams v. Astrue*, 416 F. App'x 861, 862 (11th Cir. 2011) ("If, at the third step, [the claimant] proves that [an] impairment or combination of impairments meets or equals a listed impairment, [the claimant] is automatically found disabled regardless of age, education, or work experience.") (citing 20 C.F.R. § 416.920; *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997)).

If the claimant's impairment or combination of impairments does not meet or medically equal a listed impairment, the evaluation proceeds to the fourth step, where the claimant demonstrates an incapacity to meet the physical and mental demands of past relevant work. 20 C.F.R. § 404.1520(e). At this step, the evaluator must determine whether the claimant has the residual functional capacity ("RFC") to perform the requirements of past relevant work. *See id.* § 404.1520(a)(4)(iv). If the claimant's impairment or combination of impairments does not prevent performance of past relevant work, the evaluator will determine the claimant is not disabled. *See id.*

If the claimant succeeds at the preceding step, the fifth step shifts the burden to the Commissioner to provide evidence, considering the claimant's RFC, age, education and past work experience, that the claimant is capable of performing other work. 20 C.F.R. § 404.1520(g). If the claimant can perform other work, the evaluator will not

3

find the claimant disabled. *See id.* § 404.1520(a)(4)(v); *see also* 20 C.F.R. § 404.1520(g). If the claimant cannot perform other work, the evaluator will find the claimant disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g).

The court reviews the ALJ's "decision with deference to the factual findings and close scrutiny of the legal conclusions." *Parks ex rel. D.P. v. Comm'r, Soc. Sec. Admin.*, 783 F.3d 847, 850 (11th Cir. 2015) (quoting *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)). The court must determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the proper legal standards. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). Although the court must "scrutinize the record as a whole . . . to determine if the decision reached is reasonable . . . and supported by substantial evidence," *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted), the court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment" for that of the ALJ. *Winschel*, 631 F.3d at 1178 (citations and internal quotation marks omitted). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (citations omitted). Nonetheless, substantial evidence exists even if the evidence preponderates against the Commissioner's decision. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). Although the court reviews the ALJ's decision for substantial evidence, the court reviews her application of legal principles de novo. *Id.*

## FACTUAL AND PROCEDURAL HISTORY

Ms. Pierce, age 54 at the time of the ALJ hearing, protectively filed an application for disability insurance benefits on June 17, 2016, alleging disability with an onset date of June 1, 2014. (Tr. 33, 82, 211-17). She later amended her alleged onset date to August 1, 2015. (Tr. 92-93, 236). The Commissioner denied Pierce's claims, and Pierce timely filed a request for a hearing on October 31, 2016. (Tr. 122-24, 132-33). An Administrative Law Judge ("ALJ") held a hearing on January 24, 2019 (Tr. 80-107), and issued an opinion denying Pierce's claim on May 3, 2019. (Tr. 20-34).

In her opinion, the ALJ first determined that Pierce met the Social Security Act's insured status requirements through December 31, 2020. (Tr. 25). Applying the five-step sequential process, the ALJ found at step one that Pierce had not engaged in substantial gainful activity from her alleged onset date of August 1, 2015, through the date of the ALJ's opinion. (*Id.*). At step two, the ALJ found that Pierce suffers from the severe impairments of cervical and lumbar degenerative disc disease, osteoarthritis/degenerative joint disease, and right wrist tenosynovitis. (*Id.*). At step three, the ALJ concluded that Pierce's impairments or combination of impairments did not meet or medically equal any impairment for presumptive disability listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 29).

Next, the ALJ found that Pierce exhibited the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b), "except she occasionally can perform postural maneuvers except for no climbing of ropes, ladders,

5

or scaffolds. She can perform frequent fingering with the right upper extremity. She would need to avoid unprotected heights." (*Id.*). At step four, the ALJ found that Pierce could perform her past relevant work as a call center complaint clerk and child caseworker. The ALJ also found that Pierce could perform other jobs existing in significant numbers in the national economy, such as housekeeper, photocopy operator, and product marker. (Tr. 32-33). Accordingly, the ALJ determined that Pierce has not suffered a disability, as defined by the Social Security Act, since August 1, 2015. (Tr. 34).

Pierce timely requested review of the ALJ's decision. (Tr. 210). On July 25, 2019, the Appeals Council denied review, which deems the ALJ's decision as the Commissioner's final decision. (Tr. 1-6). On September 17, 2019, Pierce filed a *pro se* complaint with the court seeking review of the ALJ's decision. (Doc. 1).

## ANALYSIS

In this appeal, Pierce argues the ALJ improperly considered her 70% Department of Veterans Affairs (VA) disability rating, her fibromyalgia diagnosis, her daily activities, and the medical evidence. She also argues the ALJ improperly found she could perform the job duties of a housekeeper and improperly determined her residual functional capacity. In addition, the court construes Pierce's reply brief (Doc. 16) to seek a Sentence Six remand based upon a July 17, 2020, VA Rating Decision reflecting a 100% combined disability rating effective August 6, 2019.

For the reasons discussed below, the court finds merit in Pierce's contention that the ALJ improperly evaluated the 70% VA disability rating. The court will remand the case to the ALJ to further evaluate the rating. Because remand is warranted on this basis, the court will not address Pierce's other arguments. *See Demenech v. Sec'y of the Dep't of HHS*, 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (because one issue plaintiff raised warranted remand, the court need not consider the remaining issues); *accord Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam); *Hall v. Astrue*, No. CV-11-S-3540-J, 2012 WL 2499177, at *4 n.8 (N.D. Ala. June 22, 2012).

An ALJ's evaluation of another agency's disability determination involves the application of legal standards; thus, the court reviews such evaluation de novo. *See Brown-Gaudet-Evans v. Comm'r of Soc. Sec.*, 673 F. App'x 902, 904 (11th Cir. 2016) (citing *Moore*, 405 F.3d at 1211) ("Because [the weight accorded to another agency's disability determination] is about the legal principles upon which the ALJ based his decision, we review it de novo."). As provided at 20 C.F.R. § 404.1504 and further explained in Social Security Ruling ("SSR") 06-03p, "a determination made by another agency that [the claimant is] disabled . . . is not binding on" the Social Security Administration. SSR 06-03p, 2006 WL 2329939, at *6.[2] Rather, "the ultimate responsibility for determining

---

[2] The Social Security Administration revised its regulations regarding the consideration of medical evidence for all claims filed after March 27, 2017. *See* 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 82 Fed. Reg. 15132-01 (March 27, 2017). That revision included rescinding SSR 06-03p and amending 20 C.F.R. § 404.1504. However, the amended rules and regulations apply only to claims filed on or after March 27, 2017. *See* Fed. Reg. 5844. Because Pierce filed her claim before that date, the court applies the previous version of the rules and regulations. *See Greene v. Soc. Sec. Admin., Comm'r*, No. 5:19-CV-00814-SGC, 2020 WL 5912435, at *5 n.3 (N.D. Ala. Oct. 6, 2020) ("Because Greene's claim

7

whether an individual is disabled under Social Security law rests with the Commissioner." *Id.* at *7.  Nevertheless, the SSA must "evaluate all the evidence in the case record that may have a bearing on [its] determination or decision of disability, including decisions by other governmental and nongovernmental agencies . . . . Therefore, evidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered."  *Id.* at *6. Moreover, "the adjudicator should explain the consideration given to these decisions in the notice of decision for hearing cases. . . ."  *Id.* at *7.

The Eleventh Circuit recently clarified how these principles interact in *Noble v. Comm'r of Soc. Sec.*, 963 F.3d 1317 (11th Cir. 2020), stating that "an ALJ must discuss a decision from another [agency] finding the claimant disabled but may refuse to follow the other agency's decision when the record contains more recent medical evidence supporting a conclusion that the claimant is not disabled." *Id.* at 1329.  A reviewing court must

> consider two questions in deciding whether an ALJ who declined to follow another agency's decision that a claimant was disabled nevertheless properly considered that decision.  First, the court must ask whether the ALJ's decision shows that she considered the other agency's decision. *See DePaepe* [*v. Richardson,*] 464 F.2d [92,] 101[ (5th Cir. 1972)].[3] If the ALJ's decision does not discuss the other agency's decision, the case must be remanded to the Commissioner for consideration of the other

---

was filed on July 31, 2015, the undersigned reviews the denial of his claim under the pre-amendment versions of the rules regarding the evaluation of medical evidence, including SSR 06-03p.").

[3] The Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions decided prior to October 1, 1981.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

>agency's decision. But if the ALJ discussed the other agency's decision, the court moves on to the second step of the analysis: whether substantial evidence in the record supports the ALJ's decision to depart from the other agency's decision. *See Skeels*[ *v. Richardson,*] 453 F.2d [882,] 883[ (5th Cir. 1972)]. If there is substantial evidence in the record, then the ALJ's decision should be affirmed. *Id.*

*Noble*, 963 F.3d at 1330. The Eleventh Circuit's standard, as elucidated in *Noble,* requires the ALJ to follow both steps independently: "If *either* the ALJ did not consider the other agency's decision *or* there is not substantial evidence in the record to support the ALJ's decision to depart from the other agency's decision, then the reviewing court must remand the case to the Commissioner." *Blake v. Comm'r of Soc. Sec.*, No. 619CV2101ORL18DCI, 2020 WL 4905392, at *3 (M.D. Fla. July 23, 2020), *report and recommendation adopted*, No. 619CV2101ORL18DCI, 2020 WL 4904643 (M.D. Fla. Aug. 20, 2020) (emphasis added).

In this case, the ALJ recognized the VA assigned Pierce a combined disability rating of 70 percent.[4] She then stated:

---

[4] Tracking Pierce's VA rating from the information available at the time of the ALJ's decision proved difficult. A December 22, 2015, ratings decision assigned a combined rating of 60%. (Tr. 4986). No other ratings decision that existed in the record at the time of the ALJ's decision reflects the increase to 70%, but other documents do reflect that increase. A letter (not a ratings decision) dated July 2, 2018, states: "The official records of the Department of Veterans Affairs verify that Yvaughan Pierce receives [redacted] per month for a service-connected disability and is rated at 70%." (Tr. 357). A May 25, 2018, ratings decision Pierce submitted to the Appeals Council *after* the ALJ's decision reflects Pierce's rating increased to 70% on July 31, 2015, and that she also received entitlement to individual unemployability effective July 31, 2015. (Tr. 40). *See Pirtle v. Saul*, No. CV 119-112, 2020 WL 3971512, at *3 (S.D. Ga. July 14, 2020), *report and recommendation adopted*, No. CV 119-112, 2020 WL 4587518 (S.D. Ga. Aug. 10, 2020) (citing *Ingram v. Comm'r of Soc. Sec. Admin*, 496 F.3d 1253, 1266-67 (11th Cir. 2007) ("Evidence submitted to the AC is part of the administrative record and must be considered in conjunction with the entirety of the record to determine whether substantial evidence supports the ALJ's decision.")). One of Pierce's medical records from the VA, dated July 17,

> This evidence has been considered; however, the standard for determining disability under the Social Security Administration is different. A finding of disability by the Department of Veteran's Affairs does not mandate a finding of disability by the Social Security Administration. The Department of Veterans Affairs does not make a function-by-function assessment of an individual's capabilities (i.e., determine the claimant's residual functional capacity) or determine whether the claimant is able to perform either her past relevant work or other work that exists in significant numbers in the national economy as is required by the Social Security Regulations. Thus, a disability rating by the Department of Veterans Affairs is of little probative value in these proceedings.

(Tr. 31).

The ALJ also substantially considered a perceived inconsistency in the evidence Pierce submitted. Pierce presented a July 2, 2018, letter from the VA, stating: "The official records of the Department of Veterans Affairs verify that Yvaughan Pierce receives [redacted] per month for a service-related disability and is rated at 70%." (Tr. 357). The face of the letter bears a handwritten notation stating, "See attached notice for award – unemployability.") (*Id.*). The attached "notice" is a June 28, 2018, letter from the VA to Pierce, stating: "We are giving you this certificate so you may receive commissary store and exchange privileges from the Armed Forces. This is to certify that Yvaughan P. Pierce is an honorably discharged Veteran of the Army and receives benefits at the 100% rate." (Tr. 356). The face of the letter bears a handwritten notation stating, "Due to unemployability." (*Id.*).

---

2018, also reflects that she received a 70% combined rating. (Tr. 4512). In any event, the parties do not dispute that Pierce's combined rating was 70% at the time of the ALJ's decision.

10

The ALJ secured Pierce's VA Rating Decision, and upon review concluded the handwritten notation was false. (Tr. 31). The ALJ relied upon a February 1, 2017, VA ratings decision that stated, in pertinent part: "Entitlement to individual unemployability is denied because you have not been found unable to secure or follow a substantially gainful occupation as a result of service connected disabilities." (Tr. 4990). The ALJ presumed that because Pierce previously worked at the Social Security Administration's Teleservice Center, she knew "of the additional consideration that a person rated as 100% disabled and unemployable by the Department of Veterans' Affairs receives in an [*sic*] Social Security Disability application." (Tr. 31). The ALJ felt "disturbed that the claimant[,] who is a retired employee of the Social Security Administration, has attempted to manufacture or falsely represent evidence from the Department of Veterans' Affairs to support her SSDI claim." (Tr. 32).

While the ALJ accurately detected inconsistencies based on the evidence in the record at the time of the ALJ's decision, a May 25, 2018, ratings decision Pierce submitted to the Appeals Council *after* the ALJ's decision reflects Pierce's rating increased to 70% on July 31, 2015, and that she also received entitlement to individual unemployability effective July 31, 2015. (Tr. 40). The Appeals Council considered the May 25, 2018, ratings decision but concluded it did not present a reasonable probability of changing the outcome of the ALJ's decision. (Tr. 2). The record does not explain why the ALJ, who stated she had "requested a copy of the claimant's entire Rating

11

Decision" (Tr. 31), did not receive a copy of the May 25, 2018, rating, or why Pierce did not present a copy prior to the ALJ's decision.

Generally, a claimant may present new evidence at each stage of the administrative process. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007) (citing 20 C.F.R. §404.900(b)). The Appeals Council retains discretion to decline review of an ALJ's denial of benefits. *See* 20 C.F.R. §§ 404.970(b), 416.1470(b) (2012). However, the Appeals Council must consider evidence that is (1) new, (2) material, and (3) chronologically relevant. *Ingram*, 496 F.3d at 1261 (citing 20 C.F.R. § 404.970(b)).

New evidence is material if it is relevant and probative "so that there is a reasonable possibility that it would change the administrative result." *Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987) (citations omitted). The evidence is chronologically relevant if it "relates to the period on or before the date of the [ALJ] hearing decision." 20 C.F.R. § 404.970(a)(5); *see also Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (holding that the Appeals Council must evaluate the entire record, including the new and material evidence submitted to it if it relates to the period on or before the date of the ALJ hearing decision). The court must consider whether the new evidence submitted to the Appeals Council renders the ALJ's decision erroneous by undermining the substantial evidence supporting the ALJ's decision. *See Mitchell*, 771 F.3d at 785.

Setting aside any issues regarding whether the May 25, 2018, ratings decision would satisfy the "newness" requirement,[5] the court questions the Appeals Council's conclusion that the May 25, 2018, ratings decision would not change the administrative result. The ALJ relied heavily upon the inconsistencies in Pierce's evidence when discussing the VA rating, even stating that Pierce intentionally fabricated, or at least mischaracterized, VA evidence to support her disability claim. The May 25, 2018, ratings decision clarifies the inconsistencies the ALJ detected, and it could therefore bear strong evidentiary value in reviewing the ALJ's disability finding.

Indeed, the VA's May 25, 2018, rating decision reveals the ALJ may have misperceived the import of the 70% rating. Although the ALJ focused upon the February 1, 2017, rating denying Pierce individual unemployability, the VA's July 2, 2018, letter (Tr. 357) and July 17, 2018, medical record notation (Tr. 4512) both reflect her 70% rating. Pursuant to pertinent regulations,

> Total disability ratings for compensation may be assigned, where the schedular rating is less than total, when the disabled person is, in the judgment of the rating agency, unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities: Provided that, if there is only one such disability, this disability shall be ratable at 60 percent or more, and that, if there are two or more disabilities, there shall be at least one disability ratable at 40 percent or more, and sufficient additional disability to bring the combined rating to 70 percent or more.

---

[5] As discussed, the record does not explain why the ALJ, who stated she had "requested a copy of the claimant's entire Rating Decision" (Tr. 31), did not receive a copy of the May 25, 2015, rating, or why Pierce did not present a copy prior to the ALJ's decision.

38 C.F.R. § 4.16(a); *see also* Tr. 4990 ("38 CFR 4.16 provides that individual unemployability may be granted where there [are] . . . two or more disabilities, one of which is 40 percent with a combined evaluation of 70 percent or more.").

Therefore, Pierce's 70% rating (of which one service-connected disability was 40%), combined with the VA's determination that Pierce is "unable to secure or follow a substantially gainful occupation," rendered her unemployable such that the VA assigned her the 100% "[t]otal disability rating[ ] for compensation . . . ." *Id.* That the VA re-evaluated its rating after February 1, 2017, and designated the 70% rating retroactive to July 31, 2015, buttresses the conclusion the ALJ may have misconstrued the evidence.

As a result, the ALJ improperly considered Pierce's VA disability ratings, as evinced by the inaccuracy of the ALJ's conclusions regarding the consistency of the evidence. Although the ALJ mentioned the 70% VA disability rating, she failed to meaningfully discuss it given the misperception. Rather, she simply rejected it outright because it employed a disability standard different from the Social Security Administration's framework, and then, she did not proceed to discuss evidence in the record that supported her departure from the VA's decision. Persuasive authority from both before and after the Eleventh Circuit's *Noble* decision indicates that an ALJ's mere delineation that the VA standard differs from the SSA's standard does not satisfy the requirements of *Noble*. *See Noble*, 963 F.3d at 1330.

Before *Noble,* the Eleventh Circuit stated in an unpublished opinion that an ALJ must not only "seriously consider and closely scrutinize the VA's disability determination," but must also "give specific reasons if the ALJ discounts that determination." *Brown-Gaudet-Evans*, 673 F. App'x at 904 (citing *Rodriguez v. Schweiker*, 640 F.2d 682, 686 (5th Cir. 1981)). *Noble* acknowledged *Brown-Gaudet-Evans,* but it distinguished the previous, non-binding decision: in *Noble,* "the ALJ did not reject the other agency's decision simply because the VA applied a different standard to determine whether Noble was disabled. Instead, the ALJ explained that the VA's decision was contradicted by more recent objective medical evidence in the record." *Noble,* 963 F.3d at 1330-31. Thus, this court considers *Brown-Gaudet-Evans* as persuasive authority even after *Noble.*

In addition, other persuasive authority has held that an ALJ cannot rely solely upon differences between the VA and SSA disability determination standards to reject a VA disability rating. *See Mills v. Berryhill*, 824 F. App'x 894, 899 (11th Cir. 2020) (ALJ did not err when he "discussed the V.A. disability determination in detail, including how the V.A.'s disability process is different from that of the SSA's *and* how [the claimant's] capabilities were not consistent with the V.A.'s disability rating") (emphasis supplied); *Trimble v. Saul*, No. 6:19-CV-1074-ORL-JRK, 2020 WL 4746184, at *4 (M.D. Fla. Aug. 17, 2020) (an ALJ's recognition that the difference between VA and SSA standards, "in and of itself, may not be enough under *Brown-Gaudet-Evans*" to warrant rejecting a VA rating); *Daniels v. Berryhill*, No. 3:16cv412-WC, 2017 WL 2177336, at *4-7 (M.D. Ala.

15

May 17, 2017) (ALJ failed to meaningfully analyze a VA disability rating by merely citing differences in the VA's and SSA's evaluation processes); *accord Dunham v. Colvin*, No. 2:15-cv-622-GMB, 2017 WL 253979, at *2-4 (M.D. Ala. Jan. 19, 2017). "Such generalized dismissals of agency determinations are insufficient to demonstrate that the ALJ 'seriously considered [the] VA disability rating.'" *Butters v. Berryhill*, No. 6:18-cv-00472-AKK, 2019 WL 3429243, at *5 (N.D. Ala. July 30, 2019) (quoting *Brown-Gaudet-Evans*, 674 F. App'x at 904).

In this case, the ALJ discounted Pierce's VA disability rating in precisely the manner the law proscribes. Asserting that the VA's determination bore "little probative value," the ALJ accorded the disability rating little weight solely because the VA and SSA employ different standards for assessing the existence of a disability. (Tr. 31). In her evaluation, the ALJ not only misstated the evidentiary value Eleventh Circuit law assigns to VA disability ratings,[6] but also failed to adequately articulate why she deviated from that standard. Specifically, the ALJ failed to explain why the ratings decision did not comport with the record evidence or why the different standards employed by the

---

[6] SSR 06-03p provides that "because other agencies may apply different rules and standards than we do for determining whether an individual is disabled, this may limit the relevance of a determination of disability made by another agency." SSR 06-03p, 2006 WL 2329939, at *7. However, the pronouncements of the Eleventh Circuit – not those of SSR 06-03p – bind the ALJ and this court. *See Miller v. Comm'r of Soc. Sec.*, 246 F. App'x 660, 662 (11th Cir. 2007) (quoting *Heckler v. Edwards*, 465 U.S. 870, 873 n.3 (1984)) ("[Social Security] Rulings do not have the force and effect of the law or regulations . . . . A ruling may be superseded, modified, or revoked by later legislation, regulations, court decision or rulings."). Accordingly, the Eleventh Circuit's decision in *Noble* supersedes any contrary representation in SSR 06-03p.

two agencies should result in a different conclusion regarding Pierce's benefits. *See Mills,* 824 F. App'x at 899; *Trimble,* 2020 WL 4746184, at *4; *Trammell,* 2017 WL 3671177, at *4; *Dunham*, 2017 WL 253979, at *3 n.2 (ALJ does not adequately explain the decision for assigning little weight to a VA disability rating when he states that "the VA, unlike the SSA, does not determine an individual's residual functional capacity, or whether an individual is able to perform past relevant work or work that exists in significant numbers in the national economy," as "those specific 'reasons' are simply more detailed examples of how the criteria used to determine disability differs between the VA and the SSA").

Accordingly, the ALJ failed to demonstrate that she considered Pierce's VA disability rating with a sufficient degree of scrutiny. This failure warrants a remand to allow the ALJ to give Pierce's VA disability rating, including any relevant updated information, due consideration in accordance with the law of this circuit. *See Butters*, 2019 WL 3429243, at *5 (remand warranted where the ALJ concluded the VA disability rating did not bind his decision merely because the SSA employs different disability determination standards); *Dunham*, 2017 WL 253979, at *2-4 (remand warranted where the ALJ accorded the VA disability determination little weight solely because the VA's and SSA's disability criteria differ).

## CONCLUSION

For the foregoing reasons, the court **REVERSES** the Commissioner's decision and **REMANDS** the case for appropriate consideration of the Department of Veterans Affairs' disability rating. The court will enter a separate judgment.

**DONE** this 23rd day of March, 2021.

HERMAN N. JOHNSON, JR.
UNITED STATES MAGISTRATE JUDGE